This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

     **Plaintiff-Appellee,**

v.                                       **No. 36,145**

**CHRISTOPHER MALDONADO,**

     **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE Judge.**

{1} Defendant has appealed his conviction for tampering with evidence. We issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

{2} We previously described the pertinent background and applicable principles of law in the notice of proposed summary disposition. We will avoid undue repetition here. Instead, we will focus on the content of the memorandum in opposition.

{3} Defendant continues to challenge the sufficiency of the evidence. [MIO 3-7] However, as we previously observed, the testimony of Mr. Ruther and the law enforcement officers who responded to the scene, together with Defendant's admission to having placed the knife under the sink in order to avoid law enforcement suspicion that he had assaulted his landlord, is sufficient to establish all of the essential elements. [DS 2-3; MIO 1-2] *See generally* NMSA 1978, § 30-22-5(A) (2003) (prohibiting tampering with evidence); UJI 14-2241 NMRA (defining the elements of the offense).

{4} In his memorandum in opposition Defendant contends that the element of the offense which requires specific intent to prevent prosecution should be deemed unsatisfied, because he acted with the intent to prevent the officers from believing that he had committed an offense for which he was ultimately acquitted. [MIO 5-6]

2

However, the statute prohibits the hiding of evidence with the intent to prevent *prosecution*, not conviction. *See id.* Moreover, as we observed in the notice of proposed summary disposition, Defendant's acquittal of the underlying charge of aggravated assault with a deadly weapon does not undermine the validity of the conviction for tampering. *See State v. Alvarado*, 2012-NMCA-089, ¶ 8, ___ P.3d ___ (observing that "a defendant need not be convicted of the underlying crime to be convicted of tampering with evidence of that crime").

{5}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**M. MONICA ZAMORA, Judge**